**UNITED STATES, Appellee,**

v.

**Sergeant David F. SAPIGAO, SSN 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, United States Army, Appellant.**

**SPCM 13517.**

U. S. Army Court of Military Review.

17 March 1981.

Captain Joseph A. Russelburg, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, and Major Lawrence D. Galehouse, JAGC.

Major Paul G. Thomson, JAGC, argued the cause for the appellee. With him on the brief were Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, and Major Douglas P. Franklin, JAGC.

Before CARNE, MITCHELL and GARN, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

PER CURIAM:

■ This case is before this Court on remand from the United States Court of Military Appeals "for initial consideration of whether a reconstituted Court of Military Review can grant a petition for reconsideration without the vote of a concurring member of the original court." *United States v. Sapigao*, 9 M.J. 111 (1980).[1] We hold that it can.

■ The Courts of Military Review Rules of Practice and Procedure, August 1, 1969,[2] which were in effect at the time of reconsideration in this case, provided for reconsideration in Rule 19. The Rules were,

---

1. For the circumstances behind the reconsideration, *see* Judge Fletcher's dissenting opinion at 9 M.J. 112.

2. 3 M.J. XCI (1969). New Rules of Practice and Procedure were published subsequently, 10 M.J. LVI (1981). The new Rules do not specifically address the issue before us.

however, silent as to any particular procedure to be employed in voting on a reconsideration motion. Rule 4 provided that a majority of the judges serving on a panel of this Court would determine any matter referred to the panel. As there was no prohibition of the procedure employed, the procedure was consistent with Rule 4, and because the procedure did not violate any fundamental rights of the appellant, we find that the procedure was proper.[3]

---

**3.** We have reviewed the decisions and rules of other jurisdictions on this issue including Chief Judge Everett's memorandum in *United States v. Fimmano*, 9 M.J. 256 (CMA 1980), and have found nothing which would cause us to employ a different procedure. We also note that this Court lacks rule-making power. *See* Article 66(f), Uniform Code of Military Justice, 10 U.S.C. § 866(f). We urge The Judge Advocates General to consider the conflicting policies concerning this issue, with a view towards promulgating a rule establishing a specific procedure for voting on reconsideration. We also recommend that The Judge Advocates General obtain copies of the illuminating briefs prepared by appellate counsel for both sides concerning the precedents and policy considerations bearing on the issue.